UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| JAMES E. PHILLIPS, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | No. 1:21-cv-00411-TWP-MPB |
| ) | |
| PENDLETON CORRECTIONAL FACILITY, et ) | |
| al. ) | |
| ) | |
| Defendants. ) | |

**ORDER DISMISSING COMPLAINT AND PROVIDING OPPORTUNITY TO AMEND**

Plaintiff James Phillips, an inmate at Pendleton Correctional Facility brings this action pursuant to 42 U.S.C. § 1983, alleging the violation of his constitutional rights. Because Mr. Phillips is a "prisoner" as defined by 28 U.S.C. § 1915A(c), this Court has an obligation under 28 U.S.C. § 1915A(a) to screen his complaint before service on the defendants.

**I.
SCREENING STANDARD**

Pursuant to 28 U.S.C. § 1915A(b), the Court must dismiss the complaint, or any portion of the complaint, if it is frivolous or malicious, fails to state a claim for relief, or seeks monetary relief against a defendant who is immune from such relief. In determining whether the complaint states a claim, the Court applies the same standard as when addressing a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6). To survive dismissal,

> [the] complaint must contain sufficient factual matter, accepted as true, to state a claim for relief that is plausible on its face. A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged.

*Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009); *Cesal v. Moats*, 851 F.3d 714, 720 (7th Cir. 2017). *Pro se* complaints such as that filed by the plaintiff are construed liberally and held to "a less stringent standard than pleadings drafted by lawyers." *Cesal*, 851 F.3d at 720.

## II.
## THE COMPLAINT

The complaint names the following defendants: Pendleton Correctional Facility, Warden Reagal, Officer C. Allen, and Officer C. Lloyd. Mr. Phillips is seeking an award of compensatory and punitive damages.

The complaint makes the following allegations. On March 11, 2020, Officer Allen and Officer Lloyd allowed Offender Dantez Pitts to enter J-cell house without a pass in violation of IDOC policy. Offender Pitts had previously tried to kill Mr. Phillips. After Offender Pitts was let into J-cell house, he stabbed Mr. Phillips. The complaint states that allowing Offender Pitts into J-cell house violated Mr. Phillips' Eighth Amendment right to be protected from attacks by other inmates.

## III.
## DISCUSSION

This action is brought pursuant to 42 U.S.C. § 1983. To state a claim under § 1983, a plaintiff must allege the violation of a right secured by the Constitution or laws of the United States and must show that the alleged deprivation was committed by a person acting under color of state law. *West v. Atkins*, 487 U.S. 42, 48 (1988). "[T]he first step in any [§ 1983] claim is to identify the specific constitutional right infringed." *Albright v. Oliver*, 510 U.S. 266, 271 (1994).

The Eighth Amendment prohibits prison officials from acting with deliberate indifference in failing to protect inmates from imminent harm. *Farmer v. Brennan*, 511 U.S. 825, 834 (1994). To prevail on a failure to protect claim, the plaintiff must prove: (1) that he was at a substantial

risk of serious harm that ultimately occurred, and (2) that the defendant was subjectively aware that the plaintiff was at a substantial risk of harm and failed to make reasonable efforts to protect the plaintiff from this substantial risk. *Id.* at 832-34.

The failure-to-protect claims against C. Allen and C. Lloyd are **dismissed for failure to state a claim upon which relief may be granted**. The complaint does not allege that C. Allen or C. Lloyd knew about the history between Offender Pitts and Mr. Phillips or that they were otherwise subjectively aware of a substantial risk of serious bodily harm to Mr. Phillips. Violations of IDOC policy, such as allowing an inmate to enter J-cell house without a pass, do not by themselves establish an Eighth Amendment violation.

Any claim against Warden Reagal is **dismissed for failure to state a claim upon which relief may be granted** because the complaint does not allege that Warden Reagal was personally involved in causing Mr. Phillips to suffer a constitutional deprivation. "Individual liability under § 1983… requires personal involvement in the alleged constitutional deprivation." *Colbert v. City of Chicago*, 851 F.3d 649, 657 (7th Cir. 2017) (internal quotation omitted) (citing *Wolf-Lillie v. Sonquist*, 699 F.2d 864, 869 (7th Cir. 1983) ("Section 1983 creates a cause of action based on personal liability and predicated upon fault. An individual cannot be held liable in a § 1983 action unless he caused or participated in an alleged constitutional deprivation.... A causal connection, or an affirmative link, between the misconduct complained of and the official sued is necessary.")).

Any claim against Pendleton Correctional Facility is **dismissed for failure to state a claim upon which relief may be granted** because a prison is not a suable entity under § 1983. *See Smith v. Knox County Jail*, 666 F.3d 1037, 1040 (7th Cir. 2012).

## IV.
## OPPORTUNITY TO AMEND

The dismissal of the complaint will not in this instance lead to the dismissal of the action. Instead, the Mr. Phillips has through **May 21, 2021**, in which to file an amended complaint.

The amended complaint will completely replace the original. Therefore, it must set forth all parties, claims, and grounds for relief. The amended complaint must have the proper case number, 1:21-cv-411-TWP-MPB, and the words "Amended Complaint" on the first page. If an amended complaint is filed as directed above, it will be screened. If no amended complaint is filed, this action will be dismissed without further warning or ability to show cause.

The **clerk is directed** to send Mr. Phillips a copy of the Court's prisoner complaint form.

**IT IS SO ORDERED**.

Date:   4/30/2021

*[Signature]*

Hon. Tanya Walton Pratt, Chief Judge
United States District Court
Southern District of Indiana

Distribution:

JAMES E. PHILLIPS
106333
PENDLETON - CF
PENDLETON CORRECTIONAL FACILITY
Inmate Mail/Parcels
4490 West Reformatory Road
PENDLETON, IN 46064