UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| JAMES E. PHILLIPS, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | No. 1:21-cv-00411-TWP-MPB |
| ) | |
| PENDLETON CORRECTIONAL FACILITY, et ) | |
| al. ) | |
| ) | |
| Defendants. ) | |

**ORDER SCREENING AMENDED COMPLAINT,
DISMISSING DEFICIENT CLAIMS,
AND DIRECTING SERVICE OF PROCESS**

Plaintiff James Phillips, an inmate at Pendleton Correctional Facility, brings this lawsuit pursuant to 42 U.S.C. § 1983, alleging violations of his constitutional rights. The Court dismissed Mr. Phillips first complaint for failure to state a claim and directed him to file an amended complaint to avoid dismissal of the action. Mr. Phillips has filed an amended complaint, which the Court will now screen pursuant to 28 U.S.C. § 1915A(a).

**I.
SCREENING STANDARD**

Pursuant to 28 U.S.C. § 1915A(b), the Court must dismiss the amended complaint, or any portion of the amended complaint, if it is frivolous or malicious, fails to state a claim for relief, or seeks monetary relief against a defendant who is immune from such relief. In determining whether the amended complaint states a claim, the Court applies the same standard as when addressing a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6). To survive dismissal,

> [the amended] complaint must contain sufficient factual matter, accepted as true, to state a claim for relief that is plausible on its face. A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged.

*Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009); *Cesal v. Moats*, 851 F.3d 714, 720 (7th Cir. 2017). *Pro se* complaints such as that filed by the plaintiff are construed liberally and held to "a less stringent standard than pleadings drafted by lawyers." *Cesal*, 851 F.3d at 720.

## II.
## THE COMPLAINT

The complaint names the following defendants: Warden Reagle, Correctional Officer C. Allen, and Correctional Officer C. Lloyd. Mr. Phillips is seeking an award of damages.

The complaint makes the following allegations. Mr. Phillips is housed in J-Cell House at Pendleton Correctional Facility. A fellow inmate tried to kill Mr. Phillips and was subsequently transferred to a different housing unit. Three months later, this inmate entered J-Cell House and assaulted Mr. Phillips. Officers Allen and Lloyd knew about the history between this inmate and Mr. Phillips but failed to remove the inmate from J-Cell House prior to the assault.

## III.
## DISCUSSION

This action is brought pursuant to 42 U.S.C. § 1983. To state a claim under § 1983, a plaintiff must allege the violation of a right secured by the Constitution or laws of the United States and must show that the alleged deprivation was committed by a person acting under color of state law. *West v. Atkins*, 487 U.S. 42, 48 (1988). "[T]he first step in any [§ 1983] claim is to identify the specific constitutional right infringed." *Albright v. Oliver*, 510 U.S. 266, 271 (1994).

The Eighth Amendment requires prison officials to take reasonable measures to guarantee the safety of inmates and to protect them from harm at the hands of others. *Farmer v. Brennan*, 511 U.S. 825, 832–33 (1994). To prevail on a failure to protect claim, the plaintiff must prove: (1) that he was at a substantial risk of serious harm that ultimately occurred, and (2) that the

defendant was subjectively aware that the plaintiff was at a substantial risk of harm and failed to make reasonable efforts to protect the plaintiff from this substantial risk. *Id.* at 832-34.

Based on the screening standard set forth above, Mr. Phillips' Eighth Amendment failure to protect claims **shall proceed** against Officers Allen and Lloyd in their individual capacities. *See Miller v. Smith,* 220 F.3d 491, 494 (7th Cir. 2000) ("Where the plaintiff seeks injunctive relief from official policies or customs, the defendant has been sued in her official capacity; where the plaintiff alleges tortious conduct of an individual acting under color of state law, the defendant has been sued in her individual capacity.").

The claim against Warden Reagle is **dismissed for failure to state a claim** upon which relief may be granted. The amended complaint alleges that Warden Reagle should be held liable because, as the warden, he has the ultimate responsibility for the safety of the facility. However, Warden Reagle may only be held liable under § 1983 for his own conduct; he may not be held liable for the conduct of others. *See Colbert v. City of Chi.*, 851 F.3d 649, 657 (7th Cir. 2017) "Individual liability under § 1983 . . . requires personal involvement in the alleged constitutional deprivation." (internal quotation omitted) (citing *Wolf-Lillie v. Sonquist*, 699 F.2d 864, 869 (7th Cir. 1983) ("Section 1983 creates a cause of action based on personal liability and predicated upon fault. An individual cannot be held liable in a § 1983 action unless he caused or participated in an alleged constitutional deprivation.... A causal connection, or an affirmative link, between the misconduct complained of and the official sued is necessary.")).

## IV.
## CONCLUSION AND FURTHER PROCEEDINGS

Mr. Phillips' Eighth Amendment failure to protect claims **shall proceed** against Officers Allen and Lloyd in their individual capacities. All other claims are **dismissed**.

The **clerk is directed** pursuant to Fed. R. Civ. P. 4(c)(3) to issue process to defendants Officer C. Allen and Officer C. Lloyd in the manner specified by Rule 4(d). Process shall consist of the amended complaint, dkt. [10], applicable forms (Notice of Lawsuit and Request for Waiver of Service of Summons and Waiver of service of Summons), and this Order. **The clerk is directed** to serve these IDOC employees electronically.

The **clerk is directed** to terminate "Pendleton Correctional Facility" and "Warden Reagal" as defendants on the docket.

**IT IS SO ORDERED**.

Date: 6/7/2021

Hon. Tanya Walton Pratt, Chief Judge
United States District Court
Southern District of Indiana

Distribution:

JAMES E. PHILLIPS
106333
PENDLETON - CF
PENDLETON CORRECTIONAL FACILITY
Inmate Mail/Parcels
4490 West Reformatory Road
PENDLETON, IN 46064

Electronic service to Indiana Department of Correction:

Officer C. Allen
Officer C. Lloyd

4