**UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION**

| | |
|---|---|
| JAMES E. PHILLIPS, a/k/a JAMES EDWARD PHILLIPS, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | )   Case No. 1:21-cv-00411-TWP-MPB |
| | ) |
| C. ALLEN, C.O., and C. LLOYD, | ) |
| | ) |
| Defendants. | ) |

## ORDER GRANTING DEFENDANTS' MOTION FOR SUMMARY JUDGMENT

This matter is before the Court on a Motion for Summary Judgment for failure to exhaust available administrative remedies filed by Christopher Allen and Caleb Lloyd (collectively, "Defendants") (Dkt. 48).  The evidence shows that Plaintiff James Phillips' ("Phillips") prison had an administrative grievance process, that the grievance process was available to Phillips, and that Phillips did not submit a timely second level appeal as required by the grievance process.  For the reasons explained herein, the Defendants' Motion for Summary Judgment is **granted**.

### I.  SUMMARY JUDGMENT STANDARD

Parties in a civil dispute may move for summary judgment, which is a way of resolving a case short of a trial.  *See* Federal Rule of Civil Procedure 56(a).  Summary judgment is appropriate when there is no genuine dispute as to any of the material facts, and the moving party is entitled to judgment as a matter of law.  *Id.*; *Pack v. Middlebury Com. Schools*, 990 F.3d 1013, 1017 (7th Cir. 2021).  A "genuine dispute" exists when a reasonable factfinder could return a verdict for the nonmoving party.  *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). "Material facts" are those that might affect the outcome of the suit.  *Id.*

When reviewing a motion for summary judgment, the court views the record and draws all reasonable inferences from it in the light most favorable to the nonmoving party.  *Khungar v.*

*Access Community Health Network*, 985 F.3d 565, 572–73 (7th Cir. 2021).   The court is only required to consider the materials cited by the parties, *see* Fed. R. Civ. P. 56(c)(3); it is not required to "scour every inch of the record" for evidence that is potentially relevant.   *Grant v. Trustees of Ind. Univ.,* 870 F.3d 562, 573-74 (7th Cir. 2017).

## II.  FACTUAL BACKGROUND

**A.**   **Underlying Claims**

Phillips alleges that he was assaulted by a fellow prisoner in March 2020.  (*See* Dkt. 10; Dkt. 57, ¶ 2.)  On July 21, 2020, he alleges that he was assaulted by this same inmate and that the Defendants failed to protect him from this assault even though they knew he was at a serious risk of substantial harm.  (Dkt. 10; Dkt. 57, ¶ 3.) Based on these allegations, Phillips is proceeding against the Defendants on Eighth Amendment failure-to-protect claims.  (Dkt. 12 at 3.)

**B.**   **Grievance Process**

During the time relevant to the complaint and the Defendants' exhaustion defense, Phillips was confined at Pendleton Correctional Facility ("Pendleton").

Pendleton maintained an administrative grievance process that allowed prisoners to raise issues related to the conditions of their confinement.  (Dkt. 48-1¶ 8; Dkt. 48-2.)  The grievance procedures at Pendleton are listed in the Offender Handbook and are provided to prisoners upon their arrival.  (Dkt. 48-1, ¶ 10.)  Phillips had correctly used the grievance process on multiple occasions prior to the alleged assault on July 21, 2020.  *Id.* at ¶ 16; Dkt. 48-3.

The grievance process has three steps: (1) a formal attempt to solve a problem or concern following unsuccessful attempts at informal resolutions; (2) a written appeal to the Warden/designee; and (3) a written appeal to the Department Grievance Manager.  (Dkt. 48-2 at 3.)

Prisoners complete the first step by submitting a written grievance on State Form 45471 ("Offender Grievance") no later than ten business days from the date of the incident giving rise to the complaint or concern to the Offender Grievance Specialist. *Id.* at 9. The Offender Grievance Specialist then has fifteen business days from the date the grievance is recorded to complete an investigation and provide a response to the prisoner. *Id.* at 10.

Prisoners complete the second step by submitting a facility-level appeal on State Form 45473 ("Grievance Appeal") no later than five business days from the date of the grievance response to the Offender Grievance Specialist within 5 business days after receiving the grievance response. *Id.* at 12. The Offender Grievance Specialist then records the date they received the Grievance Appeal, generates a receipt for the Grievance Appeal, and forwards the Grievance Appeal to the Warden/designee. *Id.* The Warden's/designee's response shall be submitted within ten business days of receipt of the appeal. *Id.*

"If, *after receipt of the appeal response*, the offender is still dissatisfied, *or no response is received within the time frame*, [the offender] may appeal to the Department Offender Grievance Manager." *Id.* (emphasis added). To do so, the offender "shall check the 'Disagree' box, sign, and submit the completed State Form 45473, 'Offender Grievance Appeal,' and any additional, pertinent documentation to the Offender Grievance Specialist within five (5) business days of the Warden's/designee's appeal response." *Id.*

The decision of the Department Offender Grievance Manager is final. *Id.* at 13.

## C.    <u>Phillips' Use of the Grievance Process</u>

On July 26, 2020, Phillips submitted an Offender Grievance to Offender Grievance Specialist Christina Conyers ("Conyers") regarding the alleged assault on July 21, 2020. (Dkt. 48-5.)

On August 10, 2020, Conyers issued the grievance response.   (Dkt. 48-6 at 1.) The grievance response stated that the issue was being resolved at the facility level and that there was no other relief Conyers could offer.  *Id.*

On August 11, 2020, Phillips received the grievance response and submitted a Grievance Appeal.  *Id.*; Dkt. 48-7.

On August 17, 2020, Phillips re-submitted his Grievance Appeal and checked the "Disagree" box at the bottom, which indicated that he wanted to appeal the Warden's/designee's grievance appeal response.   (Dkt. 48-9.)  But at that time, the Warden/designee had not issued a grievance appeal response, and the facility's "response" was therefore blank.  *Id.*; Dkt. 48-1, ¶ 23.

Also on August 17, 2020, Phillips submitted a Request for Interview form asking for an update about this and several other grievances he had submitted.  (Dkt. 48-1, ¶ 22; Dkt. 48-8.) Conyers responded in a letter on August 20, 2020.  (Dkt. 48-8.)  In the letter, Conyers stated,

> I have received all 8 of the grievances that you sent to me yesterday 8/19/20. 2 have been returned to you for the relief that you are seeking. The other 6 I just received on the 18th. I have 10 business days from the date I receive them to either log or return for corrections.

*Id.*

On August 19, 2020, Conyers received Phillips' Grievance Appeal.  (Dkt. 56-1 at 12.)  On September 1, 2020, the Warden issued a grievance appeal response, stating that he agreed with the grievance response.  (Dkt. 48-10.)  Phillips received the Warden's appeal response on September 2, 2020.  *Id.*

On September 25, 2020, Phillips submitted the appeal response, indicating that he wanted to appeal the Warden's appeal response to the Department Offender Grievance Manager. (Dkt. 48-1, ¶ 27; Dkt. 48-12.)  Conyers rejected this request as untimely.  *Id.*  She noted that Phillips needed

4

to submit his second-level appeal within five business days of the Warden's appeal response, and that this deadline had expired on September 11, 2020. *Id.*

### III. <u>DISCUSSION</u>

#### A. <u>Exhaustion Standard</u>

The Prison Litigation Reform Act provides, "No action shall be brought with respect to prison conditions under [42 U.S.C. § 1983], or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted." 42 U.S.C.A. § 1997e(a).

"An inmate . . . must exhaust available remedies, but need not exhaust unavailable ones." *Ross v. Blake*, 578 U.S. 632, 642 (2016). An administrative procedure is unavailable when "prison administrators thwart inmates from taking advantage of a grievance process through machination, misrepresentation, or intimidation." *Id.* at 644. "Remedies that are genuinely unavailable or nonexistent need not be exhausted. A remedy becomes unavailable if prison employees do not respond to a properly filed grievance or otherwise use affirmative misconduct to prevent a prisoner from exhausting." *Pyles v. Nwaobasi*, 829 F.3d 860, 864 (7th Cir. 2016). For example, "exhaustion is not required when the prison officials responsible for providing grievance forms refuse to give a prisoner the forms necessary to file an administrative grievance." *Gooch v. Young*, 24 4th 624, 627 (7th Cir. 2022).

It is the defendant's burden to establish that the administrative process was available to the plaintiff. *See Thomas v. Reese*, 787 F.3d 845, 847 (7th Cir. 2015) ("Because exhaustion is an affirmative defense, the defendants must establish that an administrative remedy was available and that [the plaintiff] failed to pursue it.").

#### B. <u>Analysis</u>

5

The Defendants argue that Phillips did not exhaust the grievance process because he did not submit a timely appeal to the Department Offender Grievance Manager. (Dkt. 49 at 10.) They argue that Phillips' August 17, 2020 attempt to appeal to the Department Offender Grievance Manager was premature, as the Warden had not yet issued the first-level appeal response and his time to do so had not passed. *Id.* They also argue that his September 25, 2020 attempt was belated, as the Warden issued his first-level appeal response on September 1, 2020, and Phillips' deadline to appeal to the Department Offender Grievance Manger expired on September 11, 2020. *Id.*

The Court agrees with the Defendants. The grievance process provides, "If, *after receipt of the appeal response*, the offender is still dissatisfied, *or no response is received within the time frame*, [the offender] may appeal to the Department Offender Grievance Manager." (Dkt. 48-2 at 12 (emphasis added).) The grievance process did not permit Phillips to submit a second-level appeal on August 17, 2020, because the Warden had not yet issued the appeal response and his time to do so had not passed. (Dkt. 48-8.) Further, the grievance process permitted Phillips to submit a second-level appeal on September 25, 2020; he received the Warden's grievance response on September 2, 2020, and his deadline to appeal to the Department Offender Grievance Manager expired on September 11, 2020. (Dkt. 48-10; Dkt. 48-11.)

In a sworn declaration, Phillips stated he tried to exhaust his administrative remedies, but that he was "prevented by Administration by the way of not responding to attempts, not turning in grievance attempts in which delays the process so I can't meet deadlines." (Dkt. 57, ¶ 4.) This declaration does not provide any detail about the "attempts" that prison officials failed to respond to, or their failures to turn in Phillips' grievances. Instead, Phillips directs the Court to his grievance documents at Dkt. 56-1, pp. 10-18. But these grievance documents, and other grievance documents designated as evidence by the Defendants, demonstrate conclusively that Phillips' grievance and facility-level appeal were processed in accordance with the grievance process and

that the grievance process was available to him at all levels of review.  There is no evidence that Phillips was prevented from submitting a timely second-level appeal through affirmative misconduct by prison officials.  The Court finds that the Defendants have met their burden on their affirmative defense.

## IV. **CONCLUSION**

For the reasons explained above, the Court finds that there are no genuine disputes of material fact, and the Defendants' Motion for Summary Judgment, Dkt. [48], is **GRANTED**.  This action is **DISMISSED without prejudice**.  Final judgment in accordance with this Order shall now issue.

**SO ORDERED**.

Date:  7/6/2022

Hon. Tanya Walton Pratt, Chief Judge
United States District Court
Southern District of Indiana

DISTRIBUTION:

JAMES E. PHILLIPS, #106333
PENDLETON CORRECTIONAL FACILITY
Electronic Service Participant – Court Only

Matthew Jacob Goldsmith
KIGHTLINGER & GRAY LLLP
mgoldsmith@k-glaw.com